1  PAUL M. GLEASON (SBN: 155569)
   JING TONG (SBN: 285061)
2  GLEASON & FAVAROTE, LLP
   4014 Long Beach Blvd., Suite 300
3  Long Beach, California 90807
   Telephone:  (213) 452-0510
4  Facsimile:   (213) 452-0514
   pgleason@gleasonfavarote.com
5  jtong@gleasonfavarote.com

6  Attorneys for Defendant
   CORECIVIC OF TENNESSEE, LLC
7

8

9                  **UNITED STATES DISTRICT COURT**

10             **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  MARGARITA SMITH, an individual,   ) Case No. 3:20-cv-00808-L-WVG
                                       )
13                                     ) **NOTICE OF MOTION AND**
                 Plaintiff,            ) **MOTION OF DEFENDANT**
14                                     ) **CORECIVIC OF TENNESSEE,**
                                       ) **LLC TO DISMISS PLAINTIFF'S**
15     vs.                             ) **COMPLAINT PURSUANT TO**
                                       ) **F.R.C.P. 12(b)(6)**
16  CORECIVIC OF TENNESSEE LLC;        )
    and DOES 1 through 25, Inclusive,  ) **(NO ORAL ARGUMENT UNLESS**
17                                     ) **REQUEST BY COURT PURSUANT**
                                       ) **TO LOCAL RULE 7.1.d.1.)**
18               Defendants.           )
                                       )
19                                     )
                                       ) Date:     July 27, 2020
20                                     ) Time:     10:30 a.m.
                                       ) Judge:    Hon. M. James Lorenz
21                                     ) Ctrm.:    5B
                                       )
22                                     )
                                       ) Action Filed:   April 29, 2020
23  _____ ) Trial Date:     None

24  / / /

25  / / /

26  / / /

27  / / /

28

---

**NOTICE OF MOTION AND MOTION OF DEFENDANT CORECIVIC OF TENNESSEE, LLC TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(B)(6)**
**USDC Case No. 3:20-cv-00808-L-WVG**

# **TABLE OF CONTENTS**

I. INTRODUCTION. ......................................................................................................... 1

II. ARGUMENT. ............................................................................................................. 3

      A.    Plaintiff's First Through Fourth Causes of Action Should Be Dismissed Because Her Complaint Does Not Allege Facts Sufficient To Establish Valid Claims for Wrongful Constructive Termination in Violation of Public Policy. ...................................................... 4

      B.    Plaintiff's First Through Fourth Causes of Action Should Be Dismissed Because Her Complaint Does Not Allege Facts Sufficient To Establish A Constructive Discharge. ........................................ 6

      C.    Plaintiff's Fifth Cause of Action for Negligent Supervision Should Be Dismissed Because It Is Barred By Worker's Compensation Exclusivity. ................................................................. 8

      D.    Plaintiff's Fifth Cause of Action Should Be Dismissed Because Plaintiff Has Failed To Please Facts That Establish The Essential Factual Elements Of A Claim For Negligent Supervision. ............................................................................................... 10

      E.    Plaintiff's Sixth Cause of Action for Intentional Infliction of Emotional Distress Should Be Dismissed Because It Is Barred By Worker's Compensation Exclusivity. ...................................... 10

III. CONCLUSION. ........................................................................................................ 12

# TABLE OF AUTHORITIES

Statutes

29 U.S.C. § 654(a)(1)............................................................................................3

Cal. Labor Code § 3602.......................................................................................7

Cal. Labor Code, § 3202.......................................................................................8

Cal. Labor Code, § 3600.......................................................................................7

California Labor Code §§ 6400...........................................................................3

Regulations

29 C.F.R. §§ 1910.132.........................................................................................3

California Code of Regulations, Title 8, §§ 5141, 3380.....................................3

State Cases

Coit Drapery Cleaners, Inc. v. Sequoia Ins. Co.
    14 Cal.App.4th 1595 (1993) .......................................................................1, 8

Delfino v. Agilent Technologies, Inc.
    145 Cal.App.4th 790 (2006) .......................................................................1, 9

Doe v. Capital Cities 50 Cal.App.4th 1038 (1996) ...........................................9

Franklin v. The Monadnock Co.
    151 Cal.App.4th 257 (2007) .......................................................................1, 3

Gantt v. Sentry Ins.
    1 Cal.4th 1083 (1992) .....................................................................................3

Hentzel v. Singer
    138 Cal.App.3d 290 (1982) .........................................................................4, 5

Jones v. Dept. of Corrections & Rehabilitation
    152 Cal.App.4th 1367 (2007) .........................................................................6

Logan v. Zodiac Services Americas LLC
    2019 WL 3037936 (C.D. Cal. 2019) ..........................................................2, 10

Milosky v. Regents of University of California
    44 Cal.4th 876 (2008)...............................................................................2, 9, 10

Petermann v. International Brotherhood of Teamsters
    174 Cal.App.2d 184 (1959) ............................................................................3

Rojo v. Kliger
    52 Cal.3d 65 (1990) ........................................................................................3

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Shoemaker v. Myers
    52 Cal.3d 1 (1990) ...................................................................7, 8, 9, 10

Tameny v. Atlantic Richfield Co.
    27 Cal.3d 167 (1980) ...........................................................................3, 10

Turner v. Anheuser-Busch, Inc.
    7 Cal.4th 1238 (1994) ......................................................................1, 5, 6, 7

Vuillemainroy v. American Rock & Asphalt, Inc.
    70 Cal.App.4th 1280 (1999) ...................................................................8

Federal Cases

Adams v. Johnson
    355 F.3d 1179 (9th Cir. 2004) ..............................................................2, 5

Bell Atlantic Corp. v. Twombly
    550 U.S. 544 (2007) ................................................................................2

Fayer v. Vaughn
    649 F.3d 1061 (9th Cir.2011) ................................................................2

Goldsmith v. Mayor and City of Baltimore
    987 F.2d 1064 (4th Cir. 1993) ..............................................................6

Holden v. Hagopian
    978 F.2d 1115 (9th Cir. 1992) ..............................................................2

Lenk v. Monolithic Power Systems, Inc.
    2015 WL 7429498 (N.D. Cal. 2015) .....................................................6

Navarro v. Block
    250 F.3d 729 (9th Cir. 2001) ................................................................2

Watson v. Nationwide Ins. Co.
    823 F.2d 360 (9th Cir. 1987) ................................................................6

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 27, 2020 at 10:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 5B of the United States District Court for the Southern District of California, located at 221 West Broadway, San Diego, California 92101, before the Honorable M. James Lorenz, Defendant CoreCivic of Tennessee, LLC ("Defendant" and/or "CoreCivic") will and hereby does move, pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), for an order dismissing the Original Complaint of Plaintiff Margarita Smith on the grounds that that Complaint, and each cause of action asserted therein, fails to state a claim against CoreCivic upon which relief can be granted.

This motion is and will be based on this Notice of Motion and accompanying Memorandum of Points and Authorities, all pleadings on file in this matter, and all other evidence or argument as may be submitted to the Court at or prior to the hearing on this matter.

## I.    INTRODUCTION.

Plaintiff was employed by CoreCivic at its Otay Mesa Detention Center ("OMDC") until she resigned from her employment on March 31, 2020. (Complaint, ¶¶15 and 81).  Her Complaint alleges four causes of action for wrongful constructive termination in violation of public policy.  She also alleges causes of action for negligent supervision and intentional infliction of emotional distress.  The gist of Plaintiff's Complaint is that she resigned due to safety issues stemming from the Covid-19 pandemic.  (Complaint, ¶¶ 44-84).

As explained below, Plaintiff's Complaint suffers from the following defects that mandate dismissal of all of her claims:

- Plaintiff's first through fourth causes of action all fail for the identical reason that Plaintiff does not allege facts in her complaint sufficient to establish valid claims of wrongful constructive discharge in violation of public policy because Plaintiff does not allege that she was subjected to any

1

adverse employment action or any intolerable working conditions "for performing an act that public policy would encourage, or for refusing to do something that public policy would discourage." <u>Franklin v. The Monadnock Co.</u>, 151 Cal.App.4th 252, 257 (2007).

- Plaintiff's first through fourth causes of action also fail because Plaintiff does not allege facts sufficient to establish that she was subjected to intolerable working conditions -- an essential element of a claim for constructive termination -- because she does not allege that she was coerced to resign by being subjected to intolerable working conditions in excess of those faced by her co-workers. <u>Turner v. Anheuser-Busch, Inc.</u>, 7 Cal.4th 1238, 1247 (1994).

- Plaintiff's fifth cause of action for negligent supervision fails because Plaintiff does not allege facts sufficient to establish that CoreCivic knew or should have known that any employee supervising her was unfit or incompetent. <u>Delfino v. Agilent Technologies, Inc.</u>, 145 Cal.App.4th 790, 815 (2006).

- Plaintiff's fifth cause of action fails for the additional reason that it is barred by the doctrine of workers' compensation exclusivity. <u>Coit Drapery Cleaners, Inc. v. Sequoia Ins. Co.</u>, 14 Cal.App.4th 1595, 1605-1606 (1993).

- Plaintiff's sixth cause of action for intentional infliction of emotional distress fails because Plaintiff fails to allege facts sufficient to establish that she was subjected to extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress.

- Plaintiff's sixth cause of action for intentional infliction of emotional distress fails for the additional reason that she does not allege facts sufficient to establish that she suffered severe or extreme emotional distress. <u>Logan v. Zodiac Services Americas LLC</u>, 2019 WL 3037936 at

2.

\*2 (C.D. Cal. 2019).

- Plaintiff's sixth cause of action fails for the additional reason that it is barred by the doctrine of workers' compensation exclusivity.  Milosky v. Regents of University of California, 44 Cal.4th 876, 902 (2008).

## II.   **ARGUMENT.**

This motion to dismiss Plaintiff's entire complaint is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") based on Plaintiff's "failure to state a claim upon which relief can be granted."  A dismissal under Rule 12(b)(6) should be granted "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  As the Supreme Court has held, to survive a motion to dismiss under Rule 12(b)(6), the [f]actual allegations [of the Complaint] must be enough to raise a right to relief above a speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Under the standard set in Twombly, the plaintiff must plead "enough facts to state a claim for relief that is plausible on its face."  Id. at 570.

Although for purposes of a motion to dismiss the court should generally assume the truth of the allegations in the Complaint, the court need not accept legal conclusions, conclusory allegations, or allegation unsupported by the facts alleged. Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).  See also, Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004) (mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." [citations omitted]); Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir.2011) (the court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" [citation omitted]).

/ / /

/ / /

/ / /

**A.     Plaintiff's First Through Fourth Causes of Action Should Be Dismissed Because Her Complaint Does Not Allege Facts Sufficient To Establish Valid Claims for Wrongful Constructive Termination in Violation of Public Policy.**

Plaintiff's first through fourth causes of action allege wrongful constructive termination in violation of public policy based on California Labor Code §§ 6400, <u>et seq</u>. (first cause of action), California Code of Regulations, Title 8, §§ 5141, 3380 (second cause of action), 29 U.S.C. § 654(a)(1) (third cause of action), and 29 C.F.R. §§ 1910.132 (fourth cause of action).   Plaintiff alleges that these statutes and regulations all pertain to workplace safety.  (Complaint, ¶¶ 86-94, 108-109, 126-127, and 143-145).

A wrongful discharge in violation of public policy occurs when an employee "is discharged for performing an act that public policy would encourage, or for refusing to do something that public policy would condemn."  <u>Gantt v. Sentry Ins.</u>, 1 Cal.4th 1083, 1090 (1992); <u>Franklin v. The Monadnock Co.</u>, 151 Cal.App.4th 252, 257 (2007).  For example, in <u>Petermann v. International Brotherhood of Teamsters</u>, 174 Cal.App.2d 184 (1959), a "seminal California decision" regarding the tort of wrongful termination in violation of public policy, the court held that a plaintiff who alleged he was terminated for ***refusing*** his employer's instruction to provide false testimony under oath stated a valid wrongful discharge claim.  <u>Petermann</u>, 174 Cal.App.4d at 288-289.  Similarly, in <u>Tameny v. Atlantic Richfield Co.</u>, 27 Cal.3d 167 (1980), the California Supreme Court held that an employee who alleged he was discharged for ***refusing*** his employer's instruction to engage in criminal activity stated a valid claim for wrongful termination in violation of public policy.  <u>Tameny</u>, 27 Cal.3d at 846.  Even in cases involving sexual harassment in the workplace, it is the employees' ***refusal*** to engage in nonconsensual sexual conduct and not simply the sexual harassment alone that establishes the claim for wrongful termination in violation of public policy.  <u>Rojo v. Kliger</u>, 52 Cal.3d 65, 91 (1990).  As stated by the Court in <u>Rojo</u>:

/ / /

> Plaintiffs assert, in essence, that they were terminated for refusing to engage in conduct that violated fundamental public policy, to wit, nonconsensual sexual acts. [Citation omitted].  They also assert, in effect, that they were discharged in retaliation for attempting to exercise a fundamental right—the right to be free from sexual assault and harassment. Under either theory, plaintiffs, in short, should have been granted leave to amend to plead a cause of action for wrongful discharge in violation of public policy.

Id.

In <u>Hentzel v. Singer</u>, 138 Cal.App.3d 290 (1982), the plaintiff sued his employer for, *inter alia*, "tortious wrongful discharge" based on the employer's termination of his employment after he complained that the workplace was unsafe do to the presence of cigarette smoke.  <u>Hentzel</u>, 138 Cal.App.3d at 293-294.  The court reversed the dismissal of the case on demurrer, holding that the plaintiff had alleged a valid claim for wrongful termination in violation of public policy.  Id.

Significant here, the court in <u>Hentzel</u> framed the question of whether the employer engaged in unlawful conduct not based on how it addressed the safety complaint but rather on whether it discharged the plaintiff for making the complaint. Id. at 295.  As stated by the court:

> [T]he question is not whether [the employer] acted unlawfully by failing to accede to [plaintiff's] protests, but whether it violated an express statutory objective or undermined a firmly established principle of public policy ***by discharging [plaintiff] for making them***.

Id. at 295.

In this matter, in contrast to the cases cited above, Plaintiff does not allege anywhere in her complaint that she ***refused*** to perform any act requested of her by CoreCivic in violation of public policy.  Further, throughout the entire "Specific Factual Allegations" section of her complaint, Plaintiff does not make a single allegation that she complained or raised any concerns about safety to CoreCivic. (<u>See</u>, Complaint, ¶¶ 14 through 84).  Instead, in bare-bones and conclusory fashion, she alleges in paragraph 96 that "Plaintiff complained about her safety concerns to Defendant."  (<u>See</u>, Complaint, ¶ 96).  It is established that mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

5.

1   dismiss." <u>Adams v. Johnson</u>, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).

2   Yet even if Plaintiff's conclusory allegation that she complained is considered by the

3   court, her causes of action for wrongful termination in violation of public policy still

4   fail because her complaint is devoid of allegations that she was subjected to any form

5   of retaliation by CoreCivic for making the alleged complaint.  Quite the opposite,

6   Plaintiff simply alleges that she had concerns about her safety resulting from the way

7   CoreCivic was allegedly responding to the covid-19 pandemic and that she resigned.

8   Plaintiff seeks to hold CoreCivic accountable for its alleged failure to accede to her

9   alleged protests, a theory of liability that was expressly rejected in <u>Hentzel</u>.   183

10  Cal.App.3d at 295.

11         Because Plaintiff does not allege that she refused to preform any act prohibited

12  by public policy or that she was subjected to retaliation of any kind for making safety

13  related complaints, she has failed to plead facts sufficient to establish valid claims

14  for wrongful constructive termination in violation of public policy and accordingly,

15  these claims (first through fourth causes of action) should all be dismissed.

16         **B.     Plaintiff's First Through Fourth Causes of Action Should Be
           Dismissed Because Her Complaint Does Not Allege Facts
17         Sufficient To Establish A Constructive Discharge.**

18         Plaintiff admits that she resigned from her employment with CoreCivic.

19  (Complaint, ¶ 81).    Because she was not involuntary terminated from her

20  employment with CoreCivic, Plaintiff bases her wrongful termination claims on a

21  theory of alleged constructive discharge.  (<u>See</u>, Complaint, ¶¶ 99, 117, 134 and 151).

22  <u>Turner v. Anheuser-Busch, Inc.</u>, 7 Cal.4th 1238, 1251 (1994) ("Standing alone,

23  constructive discharge is neither a tort nor a breach of contract, but a doctrine that

24  transforms what is ostensibly a resignation into a firing.").  In this regard, in each of

25  her first four causes of action, Plaintiff alleges in conclusory manner that she was

26  subjected to a constructive termination.   (Complaint, ¶¶ 99, 117, 134 and 151).

27  Because Plaintiff's wrongful termination claims are based exclusively on a

28  constructive termination theory, Plaintiff's failure to sufficiently plead a constructive

termination means that her claims for wrongful termination all fail.  Lenk v. Monolithic Power Systems, Inc., 2015 WL 7429498 at *8 (N.D. Cal. 2015) ("a plaintiff must sufficiently plead constructive discharge to avail himself of the tort of constructive discharge in violation of public policy,…"); Jones v. Dept. of Corrections & Rehabilitation, 152 Cal.App.4th 1367, 1381 (2007) (summary judgment affirmed on retaliation claim where plaintiff was not constructively terminated and suffered no other adverse employment actions such as demotion, suspension or poor performance reviews).

"A constructive discharge is the practical and legal equivalent of a dismissal – the employee's resignation must be employer-coerced, not caused by the voluntary action of the employee or by conditions or matters beyond the employer's control." Turner, 7 Cal.4th at 1248.   To establish a valid claim based on constructive discharge, Plaintiff must plead facts that she was subjected to intolerable working conditions.  Watson v. Nationwide Ins. Co., 823 F.2d 360, 361 (9th Cir. 1987) ("[a] constructive discharge occurs when, looking at the totality of the circumstances, a 'reasonable person in [the employee's] position would have felt that he was forced to quit because of intolerable and discriminatory working conditions.'").  This includes pleading facts that Plaintiff was subjected to differential treatment.  Id.  See also Turner, 7 Cal.4th at 1247 ("An employee is protected from … unreasonably harsh conditions, *in excess of those faced by his [or her] co-workers*.  He [or she] is not, however, guaranteed a working environment free of stress.'") (emphasis added); quoting Goldsmith v. Mayor and City of Baltimore, 987 F.2d 1064, 1072 (4th Cir. 1993).  As further stated in Turner:

> Under the cases, an employee cannot simply "quit and sue," claiming he or she was constructively discharged.  The conditions giving rise to the resignation must be sufficiently extraordinary to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job and earn a livelihood and the serve his or her employer.  The proper focus is on whether the resignation was coerced, not whether it was simply one rational option for the employee.

Id.

7.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Here, Plaintiff has not and cannot meet this pleading standard because the basis of her complaint – the COVID-19 pandemic – impacted every employee at the CoreCivic facility where she was employed.  Indeed, according to her complaint, Plaintiff's alleged safety concerns were based entirely on the global outbreak of COVID-19 and CoreCivic's response to the pandemic at the correctional facility where she was employed.  (See, Complaint, ¶¶ 29 – 84).  Plaintiff does not allege any facts that she was singled out for "differential" treatment or that she was "coerced" to resign.  Plaintiff also alleges no facts that she was subjected to "unreasonably harsh conditions, *in excess of those faced by [her] co-workers*." Turner, 7 Cal.4th at 1247 (emphasis added).

"[T]he standard by which a constructive discharge is determined is an objective one – the question is 'whether a reasonable person faced with the allegedly intolerable actions or conditions of employment would have no reasonable alternative except to quit.'"  Turner, 7 Cal.4th at 1027.  As Plaintiff has failed to plead facts that she was subjected to intolerable working conditions, she has failed to plead facts sufficient to establish a constructive termination.  Plaintiff's first through fourth causes of action should be dismissed for this reason as well.

### C.   Plaintiff's Fifth Cause of Action for Negligent Supervision Should Be Dismissed Because It Is Barred By Worker's Compensation Exclusivity.

It is well established that the California Workers' Compensation Act is the exclusive remedy for injuries incurred by an employee arising out of and in the course of his or her employment. Cal. Labor Code, §§ 3600, 3602. The basis for the exclusivity rule is the presumed "compensation bargain" pursuant to which the employer assumes liability for industrial personal injury without regard to fault in exchange for limitations on the amount of that liability. Shoemaker v. Myers, 52 Cal.3d 1, 16 (1990).

Negligence claims against employers are among those that are barred by workers' compensation exclusivity. See Coit Drapery Cleaners, Inc. v. Sequoia Ins.

8.

Co., 14 Cal.App.4th 1595, 1605-1606 (1993) (claim against employer for negligent supervision in connection with alleged sexual harassment and wrongful termination of employee is barred by workers' compensation exclusivity principle); Vuillemainroy v. American Rock & Asphalt, Inc., 70 Cal.App.4th 1280, 1282 (1999) (employer cannot be sued even when negligence constitutes a crime).  Moreover, if the injury arises "out of and in the course of the employment, the exclusive remedy provisions apply notwithstanding that the injury resulted from... intentional conduct... even though the...conduct might be characterized as egregious." Shoemaker, 52 Cal.3d 1 at 15.

Here, Plaintiff's complaint is based entirely on conduct that occurred in the workplace.  By their very nature, such allegations fall squarely within the employment "compensation bargain" and necessarily arise out of and in the course of an employment relationship. Accordingly, Plaintiff's negligence-based claim is barred. See Shoemaker, 52 Cal.3d 1 at 25 (workers' compensation was the exclusive remedy for plaintiff's claims of intentional infliction of emotional distress and wrongful termination related to defendant's alleged harassment and termination in retaliation for "whistleblowing").

Finally, California Labor Code section 3202 provides that the workers' compensation law "shall be liberally construed by the courts with the purpose of extending [its] benefits for the protection of persons injured in the course of their employment." Cal. Labor Code, § 3202; see also Shoemaker, 52 Cal.3d at 19 (workers' compensation jurisdiction may not be simply conferred or avoided at the option of the employee).

Based on the foregoing, Plaintiff's fourth cause of action for negligent supervision is barred by the workers' compensation exclusivity provisions in the California Labor code and should be dismissed.

**D.**     **Plaintiff's Fifth Cause of Action Should Be Dismissed Because Plaintiff Has Failed To Please Facts That Establish The Essential Factual Elements Of A Claim For Negligent Supervision.**

To state a valid claim for negligent supervision, Plaintiff must plead facts establishing the following:  (i) that plaintiff was harmed by an employee of CoreCivic; (ii) that CoreCivic was responsible for the harm because it knew or should have known that the employee was unfit/incompetent; and (iii) the unfitness/incompetence caused the plaintiff's harm. CACI 426; Delfino v. Agilent Technologies, Inc., 145 Cal.App.4th 790, 815 (2006); Doe v. Capital Cities, 50 Cal.App.4th 1038, 1054 (1996).

Here, Plaintiff has failed to allege any facts regarding the core elements of a claim for negligent supervision.  Instead, Plaintiff alleges only that CoreCivic's "supervisory employees failed to provide a safe work environment in violation of California and federal law" and that CoreCivic "knew or should have known that this conduct was unlawful and in violation of California law."  (Complaint, ¶¶ 159 and 160).  Because Plaintiff has failed to allege facts establishing the essential elements of a claim for negligent supervision, that claim fails as a matter of law for this additional reason.

**E.**     **Plaintiff's Sixth Cause of Action for Intentional Infliction of Emotional Distress Should Be Dismissed Because It Is Barred By Worker's Compensation Exclusivity.**

It is well-established that a claim for intentional infliction of emotional distress ("IIED") based on conduct that occurs in the workplace is barred by the exclusivity remedy provisions of California's Workers' Compensation Act, Labor Code Section 3600, et seq.  Milosky v. Regents of University of California, 44 Cal.4th 876, 902 (2008).  Significant here, workers' compensation exclusivity bars IIED claims based on conduct that occurs in the workplace even where the plaintiff/employee alleges whistleblower retaliation and/or that she was terminated in violation of public policy.  See, Shoemaker v. Meyers, 52 Cal.3d 1, 25 (1990).

While there is an exception to workers' compensation exclusivity where the conduct alleged "contravenes a fundamental public policy," that exception only permits a <u>Tameny</u> claim for wrongful termination in violation of public policy; it does not allow for a separate claim of IIED.  <u>Milosky</u>, 44 Cal.4th at 902-903.  As explained by the Court in <u>Milosky</u>:

> The exception for conduct that "contravenes fundamental public policy" is aimed at permitting a Tameny action to proceed despite the workers' compensation exclusivity rule. …  As to the exception for conduct that "exceeds the risks inherent in the employment relationship," it might seem at first blush to apply here – based on the argument that whistleblower retaliation is not a risk inherent in the employment relationship – but we rejected that same argument in <u>Shoemaker</u> [citation omitted].  Like plaintiffs here, the plaintiff in <u>Shoemaker</u> alleged whistleblower retaliation and also a <u>Tameny</u> cause of action, and although he incorporated these allegations as part of his claims for intentional infliction of emotional distress, we held workers' compensation to be his exclusive remedy and affirmed the trial court's dismissal of that cause of action.

<u>Id</u>. at 903.

<u>Milosky</u>'s narrow exception to workers' compensation exclusivity that allows for a <u>Tameny</u> claim but not a claim for IIED based on the same conduct was recognized in <u>Logan v. Zodiac Services Americas LLC</u>, 2019 WL 3037936 (C.D. Cal. 2019), where the court, citing <u>Milosky</u>, stated the following:

> The California Supreme Court has subsequently clarified that the exception for conduct that "contravenes a fundamental public policy" is aimed at allowing actions for wrongful termination (referred to a <u>Tameny</u> actions) to proceed, and thus the exception is not applicable to an IIED claim.

<u>Id</u>.

Regardless of its alleged underpinnings, Plaintiff's IIED claim is based entirely on conduct that occurred in the workplace.  For this reason, it is barred by workers' compensation exclusivity and should be dismissed.

/ / /

/ / /

/ / /

**NOTICE OF MOTION AND MOTION OF DEFENDANT CORECIVIC OF TENNESSEE, LLC TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(B)(6)**
USDC Case No. 3:20-cv-00808-L-WVG

III.    **CONCLUSION.**

For all of the reasons stated herein, CoreCivic's motion to dismiss Plaintiff's Complaint should be granted in its entirety.

Dated: June 29, 2020

GLEASON & FAVAROTE, LLP
PAUL M. GLEASON
JING TONG

By: /s/ Paul M. Gleason
Paul M. Gleason

Attorneys for Defendant CORECIVIC OF TENNESSEE LLC

12.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

I, Paul M. Gleason, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California.  I am over the age of 18 years and not a party to the within action.  My business address is Gleason & Favarote, LLP, 4014 Long Beach Blvd., Suite 300, Long Beach, CA 90807.

On June 29, 2020, I served a copy(ies) of the following document(s):

**NOTICE OF MOTION AND MOTION OF DEFENDANT CORECIVIC OF TENNESSEE, LLC TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**

on the parties to this action as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Josh D. Gruenberg, Esq.<br>Colette N. Mahon, Esq.<br>GRUENBERG LAW<br>2155 First Avenue<br>San Diego, CA 92101<br>Tel:  (619) 230-1234<br>Fax:  (619) 230-1074<br>josh@gruenberglaw.com<br>colettem@gruenberglaw.com | Counsel for Plaintiff<br>MARGARITA<br>SMITH | CM/ECF |

☒   [BY CM/ECF SYSTEM]  I caused the above-referenced document(s) to be sent by electronic transmission to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case.

I declare that I am a member of the bar of this court.  I declare under penalty of perjury under the laws of the United States that the above is true and correct, and that this declaration was executed on June 29, 2020, at Long Beach, California.

/s/ Paul M. Gleason
Paul M. Gleason

1.
**PROOF OF SERVICE**