PAUL M. GLEASON (SBN: 155569)
JING TONG (SBN: 285061)
GLEASON & FAVAROTE, LLP
4014 Long Beach Blvd., Suite 300
Long Beach, California 90807
Telephone:  (213) 452-0510
Facsimile:   (213) 452-0514
pgleason@gleasonfavarote.com
jtong@gleasonfavarote.com

Attorneys for Defendant
CORECIVIC OF TENNESSEE, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITA SMITH, an individual | ) Case No. 3:20-cv-0808-L-DEB |
| Plaintiff, | ) **DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO COMPLAINT** |
| vs. | ) |
| CORECIVIC OF TENNESSEE LLC; and DOES 1 through 25, Inclusive, | ) Judge:  Hon. M. James Lorenz<br>) Ctrm.:  5B |
| Defendants. | ) |
| | ) Action Filed:  April 29, 2020<br>) Trial Date:   None |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## ANSWER

Defendant CoreCivic of Tennessee, LLC ("CoreCivic" or "Defendant") hereby answers the Complaint[1] of Plaintiff Margarita Smith ("Plaintiff") in the above-captioned matter and hereby admits, avers and denies the allegations contained therein as follows:

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.      Answering paragraph 1 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations contained in this paragraph of the Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained in paragraph 1 of the Complaint.

2.      Answering paragraph 2 of the Complaint, Defendant admits that it does business in the state of California and that its headquarters and principal place of business are in Tennessee.  Defendant denies each and every remaining allegation in paragraph 2 of the Complaint.

3.      Answering paragraph 3 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, the allegations are denied.

4.      Answering paragraph 4 of the Complaint, Defendant denies each and every allegation contained therein.

5.      Answering paragraph 5 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, the allegations are denied.

---

[1] On March 10, 2021, the Court issued an Order granting Defendant's Motion to Dismiss Plaintiff's claims for Negligent Supervision (fifth alleged cause of action) and intentional infliction of emotional distress (sixth alleged cause of action) and providing Plaintiff until March 24, 2021 to file an amended Complaint in an effort to cure the deficiencies in those alleged causes of action.  As Plaintiff did not file a First Amended Complaint, her fifth and sixth alleged causes of action are dismissed.

1.

**DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO COMPLAINT**
**USDC Case No. 3:20-cv-0808-L-DEB**

6.      Answering paragraph 6 of the Complaint, Defendant denies each and every allegation contained therein.

7.      Answering paragraph 7 of the Complaint, Defendant denies each and every allegation contained therein.

8.      Answering paragraph 8 of the Complaint, Defendant denies each and every allegation contained therein.

9.      Answering paragraph 9 of the Complaint, Defendant denies each and every allegation contained therein.

10.     Answering paragraph 10 of the Complaint, Defendant denies each and every allegation contained therein.

11.     Answering paragraph 11 of the Complaint, Defendant denies each and every allegation contained therein.

12.     Answering paragraph 12 of the Complaint, Defendant denies each and every allegation contained therein.

13.     Answering paragraph 13 of the Complaint, Defendant denies each and every allegation contained therein.

## SPECIFIC FACTUAL ALLEGATIONS

14.     Answering paragraph 14 of the Complaint, Defendant re-avers and incorporates by reference the responses in the preceding paragraphs of this Answer as though fully stated herein.

15.     Answering paragraph 15 of the Complaint, Defendant admits that it was formerly known as CCA of Tennessee, LLC and that Plaintiff was hired as a Detention Officer at its San Diego Correctional Facility in April 2009.  Defendant denies each and every remaining allegation contained therein.

16.     Answering paragraph 16 of the Complaint, Defendant admits the allegations contained therein.

17.     Answering paragraph 17 of the Complaint, Defendant admits the allegations contained therein.

2.

DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO COMPLAINT
USDC Case No. 3:20-cv-0808-L-DEB

18. Answering paragraph 18 of the Complaint, Defendant denies each and every allegation contained therein.

19. Answering paragraph 19 of the Complaint, Defendant denies each and every allegation contained therein.

20. Answering paragraph 20 of the Complaint, Defendant admits the allegations contained in the first two sentences therein.  Answering the third sentence of paragraph 20, Defendant admits that Plaintiff's main objective included the safety and welfare of the detainees/inmates being detained at the facility.  Defendant denies each and every remaining allegation in the third sentence of paragraph 20.

21. Answering paragraph 21 of the Complaint, Defendant admits that Plaintiff worked transport and performed the duties set forth in that paragraph. Defendant lacks sufficient knowledge or information of the remaining allegations in paragraph 21 to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every remaining allegation contained therein.

22. Answering paragraph 22 of the Complaint, Defendant admits the allegations contained therein.

23. Answering paragraph 23 of the Complaint, Defendant admits the allegations contained therein.

24. Answering paragraph 24 of the Complaint, Defendant admits that it secured a contract with USMS to provide security for inmates who required hospitalization effective October 1, 2019 and that Plaintiff managed the security staff in connection with that contract.  Defendant denies each and every remaining allegation in paragraph 24.

25. Answering paragraph 25 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

/ / /

**DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO COMPLAINT**
**USDC Case No. 3:20-cv-0808-L-DEB**

26.    Answering paragraph 26 of the Complaint, Defendant admits the allegations contained therein.

27.    Answering paragraph 27 of the Complaint, Defendant admits the allegations contained therein.

28.    Answering paragraph 28 of the Complaint, Defendant admits that Plaintiff was elected President of the Morale Committee in January 2020.  Defendant lacks sufficient knowledge or information of the remaining allegations in paragraph 28 to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every remaining allegation contained therein.

29.    Answering paragraph 29 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

30.    Answering paragraph 30 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

31.    Answering paragraph 31 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

32.    Answering paragraph 32 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

33.    Answering paragraph 33 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant

**DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO COMPLAINT**
**USDC Case No. 3:20-cv-0808-L-DEB**

denies each and every allegation contained therein.

34.    Answering paragraph 34 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

35.    Answering paragraph 35 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

36.    Answering paragraph 36 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

37.    Answering paragraph 37 of the Complaint, Defendant denies each and every allegation contained therein.

38.    Answering paragraph 38 of the Complaint, Defendant denies each and every allegation contained therein.

39.    Answering paragraph 39 of the Complaint, Defendant admits the allegations contained therein and affirmatively alleges that it has taken such steps.

40.    Answering paragraph 40 of the Complaint, Defendant admits that as of April 27, 2020, 142 detainees and 20 employees had tested positive for COVID-19. Defendant denies each and every remaining allegation contained therein.

41.    Answering paragraph 41 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

42.    Answering paragraph 42 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's

5.

Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

43.   Answering paragraph 43 of the Complaint, Defendant admits that Plaintiff was off work from March 2, 2020 through March 9, 2020.  Defendant lacks sufficient knowledge or information of the remaining allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every remaining allegation contained therein.

44.   Answering paragraph 44 of the Complaint, Defendant admits the allegations contained therein.

45.   Answering paragraph 45 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

46.   Answering paragraph 46 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

47.   Answering paragraph 47 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

48.   Answering paragraph 48 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

49.   Answering paragraph 49 of the Complaint, Defendant denies that Plaintiff was subjected to a constructive discharge.  Defendant admits the remaining allegations in paragraph 49 and affirmatively alleges that it began taking steps to

mitigate the risks associated with COVID-19.

50.    Answering paragraph 50 of the Complaint, Defendant denies that Plaintiff was subjected to a constructive discharge.  Defendant admits the remaining allegations in paragraph 50 and affirmatively alleges that it began taking steps to mitigate the risks associated with COVID-19.

51.    Answering paragraph 51 of the Complaint, Defendant denies each and every allegation contained therein.

52.    Answering paragraph 52 of the Complaint, Defendant denies each and every allegation contained therein.

53.    Answering paragraph 53 of the Complaint, Defendant denies each and every allegation contained therein.

54.    Answering paragraph 54 of the Complaint, Defendant denies each and every allegation contained therein.

55.    Answering paragraph 55 of the Complaint, Defendant denies each and every allegation contained therein.

56.    Answering paragraph 56 of the Complaint, Defendant denies each and every allegation contained therein.

57.    Answering paragraph 57 of the Complaint, Defendant admits that detainees perform some cleaning duties.  Defendant denies each and every remining allegation in paragraph 57 of the Complaint.

58.    Answering paragraph 58 of the Complaint, Defendant denies each and every allegation contained therein.

59.    Answering paragraph 59 of the Complaint, Defendant denies each and every allegation contained therein.

60.    Answering paragraph 60 of the Complaint, Defendant admits the allegations contained in the second sentence of paragraph 60.  Defendant denies each and every remaining allegation in paragraph 60 of the Complaint.

/ / /

7.

61.    Answering paragraph 61 of the Complaint, Defendant denies each and every allegation contained therein.

62.    Answering paragraph 62 of the Complaint, Defendant admits that Plaintiff and other Detention Officers are required to obtain necessary equipment at the start of their shift but denies that all Detention Officers obtain the equipment from Central Control.  Defendant denies each and every remaining allegation in paragraph 62 of the Complaint.

63.    Answering paragraph 63 of the Complaint, Defendant denies each and every allegation contained therein.

64.    Answering paragraph 64 of the Complaint, Defendant denies each and every allegation contained therein.

65.    Answering paragraph 65 of the Complaint, Defendant denies each and every allegation contained therein.

66.    Answering paragraph 66 of the Complaint, Defendant denies each and every allegation contained therein.

67.    Answering paragraph 67 of the Complaint, Defendant denies each and every allegation contained therein.

68.    Answering paragraph 68 of the Complaint, Defendant admits the allegations contained in the first sentence thereof.  Defendant denies each and every remaining allegation in paragraph 68 of the Complaint.

69.    Answering paragraph 69 of the Complaint, Defendant admits that based on a requirement from its customers, ICE and the USMS, it directed its employees to conduct an extra screen of detainees leaving the facility by taking their temperatures using a contact free infrared thermometer and that detainees with a temperature over 100.4 degrees were taken to the medical unit.  Defendant also admits that the Intake/Discharge Unit and Medical Unit are adjacent and separated by a hallway. Defendant denies each and every remaining allegation in paragraph 69.

/ / /

8.

**DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO COMPLAINT**
**USDC Case No. 3:20-cv-0808-L-DEB**

70.    Answering paragraph 70 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in the first sentence of this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained in the first sentence thereof. Defendant admits that Warden LaRose and AW Garcia were present in a briefing session where cleaning supplies were discussed and that Warden LaRose stated that there was a budget for such supplies.  Defendant denies each and every remaining allegation in paragraph 70.

71.    Answering paragraph 71 of the Complaint, Defendant admits there was a discussion about cleaning rags during a briefing session and that Warden LaRose responded that clean rags would continue to be provided.  Defendant denies each and every remaining allegation in paragraph 71.

72.    Answering paragraph 72 of the Complaint, Defendant denies each and every allegation contained therein.

73.    Answering paragraph 73 of the Complaint, Defendant admits the allegations contained therein.

74.    Answering paragraph 74 of the Complaint, Defendant admits that it began screening all persons entering the facility (also referred to herein as the "Otay Mesa Detention Center" or "OMDC"), consisting of a temperature check and questions regarding the risk of exposure and symptomology, on or about March 20, 2020.  Defendant affirmatively alleges that beginning on or about March 6, 2020, it began posting signs at the facility instructing visitors not to enter if they had various symptoms.  Defendant denies each and every remaining allegation in paragraph 74.

75.    Answering paragraph 75 of the Complaint, Defendant denies each and every allegation contained therein.

76.    Answering paragraph 76 of the Complaint, Defendant denies each and every allegation contained therein.

/ / /

9.

77.     Answering paragraph 77 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

78.     Answering paragraph 78 of the Complaint, Defendant admits that on March 30, 2020, ICE Health Services Corps sent a letter to OMDC leadership advising that, on March 29, 2020, three detainees presented to medical with complaints of unspecified lower respiratory illness symptoms. CoreCivic further admits and affirmatively alleges that the letter stated that CoreCivic staff was notified and immediately closed J Unit—where the detainees had been housed—for all movement, and that the letter made numerous recommendations, including but not limited to cohorting of J Unit for 14 days from the last exposure, i.e., the last detainee identified with symptoms. Defendant further admits that the letter recommended that exposed detainees be permitted to participate in recreational activities without a surgical mask, but affirmatively alleges that J Unit had its own dayroom and outdoor recreational area where detainees from J Unit could participate in recreational activities without intermixing with detainees from other housing units. Defendant denies each and every remaining allegation in Paragraph 78.

79.     Answering paragraph 79 of the Complaint, Defendant denies each and every allegation contained therein.

80.     Answering paragraph 80 of the Complaint, Defendant denies each and every allegation contained therein.

81.     Answering paragraph 81 of the Complaint, Defendant admits the allegations contained in the first sentence thereof.  Answering the second sentence of paragraph 81, Defendant admits that Roemmich called Plaintiff on the same day and informed her that she could continue her leave of absence and not resign.  Defendant affirmatively alleges that during the same call Roemmich informed Plaintiff about changes at OMDC to address COVID-19 that had occurred during her leave of

10.

absence.  Defendant denies each and every allegation contained in paragraph 81.

82.    Answering paragraph 82 of the Complaint, Defendant denies each and every allegation contained therein.

83.    Answering paragraph 83 of the Complaint, Defendant admits that as of April 27, 2020, 142 detainees and 20 employees had tested positive for COVID-19. Defendant denies each and every remaining allegation contained therein.

84.    Answering paragraph 84 of the Complaint, Defendant denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION

## WRONGFUL CONSTRUCTIVE TERMINATION

## IN VIOLATION OF PUBLIC POLICY

### [Cal. Labor Code §§ 6400 et seq., 6401 et seq.]

85.    Answering paragraph 85 of the Complaint, Defendant re-avers and incorporates by reference the responses in the preceding paragraphs of this Answer as though fully stated herein.

86.    Answering paragraph 86 of the Complaint, Defendant admits the allegations contained therein.

87.    Answering paragraph 87 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, the allegations are denied.

88.    Answering paragraph 88 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, the allegations are denied.

89.    Answering paragraph 89 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, the allegations are

denied.

90.    Answering paragraph 90 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, the allegations are denied.

91.    Answering paragraph 91 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, the allegations are denied.

92.    Answering paragraph 92 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, the allegations are denied.

93.    Answering paragraph 93 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, the allegations are denied.

94.    Answering paragraph 94 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, the allegations are denied.

95.    Answering paragraph 95 of the Complaint, Defendant denies each and every allegation contained therein.

96.    Answering paragraph 96 of the Complaint, Defendant denies each and every allegation contained therein.

97.    Answering paragraph 97 of the Complaint, Defendant denies each and every allegation contained therein.

/ / /

12.

**DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO COMPLAINT**
**USDC Case No. 3:20-cv-0808-L-DEB**

98.     Answering paragraph 98 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations contained in this paragraph of the Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained in paragraph 98 of the Complaint.

99.     Answering paragraph 99 of the Complaint, Defendant denies each and every allegation contained therein.

100.    Answering paragraph 100 of the Complaint, Defendant denies each and every allegation contained therein.

101.    Answering paragraph 101 of the Complaint, Defendant denies each and every allegation contained therein.

102.    Answering paragraph 102 of the Complaint, Defendant denies each and every allegation contained therein.

103.    Answering paragraph 103 of the Complaint, Defendant denies each and every allegation contained therein.

104.    Answering paragraph 104 of the Complaint, Defendant denies each and every allegation contained therein.

105.    Answering paragraph 105 of the Complaint, Defendant denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION

## WRONGFUL CONSTRUCTIVE TERMINATION

## IN VIOLATION OF PUBLIC POLICY

## [Cal. Code Regs. Tit. 8, §§ 5141, 3380]

106.    Answering paragraph 106 of the Complaint, Defendant re-avers and incorporates by reference the responses in the preceding paragraphs of this Answer as though fully stated herein.

107.    Answering paragraph 107 of the Complaint, Defendant admits the allegations contained therein.

/ / /

13.

108. Answering paragraph 108 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited regulations speak for themselves. To the extent a response is required, the allegations are denied.

109. Answering paragraph 109 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited regulations speak for themselves. To the extent a response is required, the allegations are denied.

110. Answering paragraph 110 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

111. Answering paragraph 111 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited regulations speak for themselves. To the extent a response is required, the allegations are denied.

112. Answering paragraph 112 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

113. Answering paragraph 113 of the Complaint, Defendant denies each and every allegation contained therein.

114. Answering paragraph 114 of the Complaint, Defendant denies each and every allegation contained therein.

115. Answering paragraph 115 of the Complaint, Defendant denies each and every allegation contained therein.

116. Answering paragraph 116 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations contained in this paragraph of the

Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained in paragraph 116 of the Complaint.

117. Answering paragraph 117 of the Complaint, Defendant denies each and every allegation contained therein.

118. Answering paragraph 118 of the Complaint, Defendant denies each and every allegation contained therein.

119. Answering paragraph 119 of the Complaint, Defendant denies each and every allegation contained therein.

120. Answering paragraph 120 of the Complaint, Defendant denies each and every allegation contained therein.

121. Answering paragraph 121 of the Complaint, Defendant denies each and every allegation contained therein.

122. Answering paragraph 122 of the Complaint, Defendant denies each and every allegation contained therein.

123. Answering paragraph 123 of the Complaint, Defendant denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION

### WRONGFUL CONSTRUCTIVE TERMINATION

### IN VIOLATION OF PUBLIC POLICY

### [29 USC 654(a)(1)]

124. Answering paragraph 124 of the Complaint, Defendant re-avers and incorporates by reference the responses in the preceding paragraphs of this Answer as though fully stated herein.

125. Answering paragraph 125 of the Complaint, Defendant admits the allegations contained therein.

126. Answering paragraph 126 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, the allegations are

15.

denied.

127. Answering paragraph 127 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, the allegations are denied.

128. Answering paragraph 128 of the Complaint, Defendant denies each and every allegation contained therein.

129. Answering paragraph 129 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

130. Answering paragraph 130 of the Complaint, Defendant denies each and every allegation contained therein.

131. Answering paragraph 131 of the Complaint, Defendant denies each and every allegation contained therein.

132. Answering paragraph 132 of the Complaint, Defendant denies each and every allegation contained therein.

133. Answering paragraph 133 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations contained in this paragraph of the Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained in paragraph 133 of the Complaint.

134. Answering paragraph 134 of the Complaint, Defendant denies each and every allegation contained therein.

135. Answering paragraph 135 of the Complaint, Defendant denies each and every allegation contained therein.

136. Answering paragraph 136 of the Complaint, Defendant denies each and every allegation contained therein.

/ / /

137.   Answering paragraph 137 of the Complaint, Defendant denies each and every allegation contained therein.

138.   Answering paragraph 138 of the Complaint, Defendant denies each and every allegation contained therein.

139.   Answering paragraph 139 of the Complaint, Defendant denies each and every allegation contained therein.

140.   Answering paragraph 140 of the Complaint, Defendant denies each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

## WRONGFUL CONSTRUCTIVE TERMINATION

## IN VIOLATION OF PUBLIC POLICY

## [29 C.F.R. § 1910.132]

141.   Answering paragraph 141 of the Complaint, Defendant re-avers and incorporates by reference the responses in the preceding paragraphs of this Answer as though fully stated herein.

142.   Answering paragraph 142 of the Complaint, Defendant admits the allegations contained therein.

143.   Answering paragraph 143 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, the allegations are denied.

144.   Answering paragraph 144 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, the allegations are denied.

145.   Answering paragraph 145 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, the allegations are

denied.

146. Answering paragraph 146 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

147. Answering paragraph 147 of the Complaint, Defendant denies each and every allegation contained therein.

148. Answering paragraph 148 of the Complaint, Defendant denies each and every allegation contained therein.

149. Answering paragraph 149 of the Complaint, Defendant denies each and every allegation contained therein.

150. Answering paragraph 150 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations contained in this paragraph of the Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained in paragraph 150 of the Complaint.

151. Answering paragraph 151 of the Complaint, Defendant denies each and every allegation contained therein.

152. Answering paragraph 152 of the Complaint, Defendant denies each and every allegation contained therein.

153. Answering paragraph 153 of the Complaint, Defendant denies each and every allegation contained therein.

154. Answering paragraph 154 of the Complaint, Defendant denies each and every allegation contained therein.

155. Answering paragraph 155 of the Complaint, Defendant denies each and every allegation contained therein.

156. Answering paragraph 156 of the Complaint, Defendant denies each and every allegation contained therein.

18.

157.   Answering paragraph 157 of the Complaint, Defendant denies each and every allegation contained therein.

## PRAYER

In response to Plaintiff's Prayer, Defendant expressly denies that Plaintiff is entitled to any type of relief whatsoever, including, but not limited to, compensatory damages (including back pay, front pay, and other monetary relief), special damages, mental and emotional distress damages, punitive damages, costs of suit, attorneys' fees, interest, injunctive relief, or any other further relief.

## AFFIRMATIVE DEFENSES

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below:

## FIRST AFFIRMATIVE DEFENSE

1.   Plaintiff's Complaint, and each and every cause of action alleged therein, fails to set forth facts sufficient to state a cause of action against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.   Plaintiff's Complaint fails and must be dismissed because Plaintiff cannot establish the *prima facie* elements of the causes of action alleged therein.

## THIRD AFFIRMATIVE DEFENSE

3.   Plaintiff's Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by the applicable statute of limitations, including but not limited to California Code of Civil Procedure sections 335.1 and 340.

## FOURTH AFFIRMATIVE DEFENSE

4.   Plaintiff's Complaint, and each and every cause of action alleged therein, fails to allege facts or claims sufficient to sustain the imposition of punitive damages against Defendant pursuant to California Civil Code section 3294 or any other law or statute.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by the equitable doctrines of unclean hands, laches, fraud, mistake, estoppel and/or waiver.

## SIXTH AFFIRMATIVE DEFENSE

6.      As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff has failed to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by the exclusive remedy provisions of the California Workers' Compensation Act.  Cal. Labor Code §§ 3200, *et seq.* and §§ 3600, *et seq.*

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff's Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by Plaintiff's failure to properly mitigate her damages, if any.

## NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff's Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by the doctrine of After-Acquired Evidence.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff's Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because if it is found that Defendant's actions were motivated by both retaliatory and non-retaliatory reasons, the non-retaliatory reasons alone would have induced Defendant to take the same actions.  Defendant herewith raises the "mixed-motive" defense.

/ / /

/ / /

20.
DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO COMPLAINT
USDC Case No. 3:20-cv-0808-L-DEB

## ELEVENTH AFFIRMATIVE DEFENSE

11.    Plaintiff's Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because all decisions regarding the terms and conditions of Plaintiff's employment were made in good faith and for legitimate, non-retaliatory, non-discriminatory and neutral reasons, including the legitimate exercise of managerial discretion and to further Defendant's legitimate business needs.

## TWELFTH AFFIRMATIVE DEFENSE

12.    Plaintiff's Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant's conduct was a just and proper exercise of managerial discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances then existing, and was privileged and justified.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiff's Complaint, including each and every cause of action alleged therein, is barred in whole or in part by the Due Process Clause of the Fifth Amendment of the U.S. Constitution; accordingly, Plaintiff's pleading fails to state a claim upon which damages may be awarded.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Plaintiff's Complaint, and each and every cause of action alleged therein, is barred in whole or in part to the extent that the actions of Defendant's agents, employees, and representatives, if they occurred at all, were not actions taken within the course and scope of their employment.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Defendant did not authorize, ratify, encourage, participate in, aid, or abet any of the misconduct alleged in Plaintiff's Complaint, and further denies that it or any of its agents, employees or representatives engaged in any unlawful conduct towards Plaintiff at all.

21.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff's Complaint, and each and every cause of action alleged therein, is barred in whole or in part because Plaintiff failed to engage in protected activity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Defendant denies that Plaintiff suffered any emotional, psychological and/or physical damage whatsoever as a result of actions taken by Defendant, and any emotional, psychological, or physical condition suffered by Plaintiff is attributable to causes wholly independent of Defendant's actions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Any damages suffered by Plaintiff were the result of Plaintiff's own acts and/or omissions; Plaintiff is also limited from recovery in this action by the doctrine of Setoff.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    Plaintiff's Complaint, to the extent it seeks exemplary or punitive damages, violates Defendant's procedural due process rights under the Fourteenth Amendment of the United States Constitution, as well as Defendant's substantive due process rights under the Fifth and Fourteenth Amendments of the United States Constitution; accordingly, Plaintiff's Complaint fails to state a claim upon which such damages may be awarded.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    Plaintiff's Complaint, to the extent it seeks exemplary or punitive damages, violates Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and, therefore, fails to state a claim upon which such damages may be awarded.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Plaintiff is not entitled to an award of liquidated or exemplary damages because Defendant acted in good faith and had reasonable grounds to believe its

22.

actions complied with the law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     If the unlawful acts and/or omissions alleged in Plaintiff's Complaint were done by Defendant, which Defendant expressly denies, Defendant did not do so willfully.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Defendant alleges that it has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available.  Defendant reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories, which may or will be divulged through clarification of Plaintiff's vague complaint, through discovery, or through further legal analysis of Plaintiff's positions in this litigation.

## PRAYER

WHEREFORE, Defendants prays as follows:

1.     That Plaintiff takes nothing by this action;

2.     That the Complaint be dismissed with prejudice;

3.     That judgment be entered in favor of Defendant;

4.     For costs of suit and for reasonable attorneys' fees incurred by Defendant; and

5.     For such other and further relief as the Court deems just and proper.

Dated: April 7, 2021                           GLEASON & FAVAROTE, LLP
                                               PAUL M. GLEASON
                                               JING TONG

                                               By: /s/ Paul M. Gleason
                                                        Paul M. Gleason

                                               Attorneys for Defendant CORECIVIC
                                               OF TENNESSEE LLC

23.

## **PROOF OF SERVICE**

I, Paul M. Gleason, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California.  I am over the age of 18 years and not a party to the within action.  My business address is Gleason & Favarote, LLP, 4014 Long Beach Blvd., Suite 300, Long Beach, CA 90807.

On April 7, 2021, I served a copy(ies) of the following document(s):
**DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO COMPLAINT**
on the parties to this action as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Josh D. Gruenberg, Esq. Colette N. Mahon, Esq. GRUENBERG LAW 2155 First Avenue San Diego, CA 92101 Tel:  (619) 230-1234 Fax:  (619) 230-1074 josh@gruenberglaw.com colettem@gruenberglaw.com | Counsel for Plaintiff MARGARITA SMITH | CM/ECF |

☒   [BY CM/ECF SYSTEM]  I caused the above-referenced document(s) to be sent by electronic transmission to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case.

I declare that I am a member of the bar of this court.  I declare under penalty of perjury under the laws of the United States that the above is true and correct, and that this declaration was executed on April 7, 2021, at Long Beach, California.

/s/ Paul M. Gleason
Paul M. Gleason