UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITA SMITH, GREGORY ARNOLD, and ERICA BROOKS, <br><br> Plaintiffs, <br><br> v. <br><br> CORECVIC OF TENNESSEE, LLC, and DOES 1–25, <br><br> Defendants. | Case No.:  20-cv-808-L-DEB <br> 20-cv-809-L-DEB <br> 20-cv-994-L-DEB <br> **ORDER DENYING DEFENDANT'S EX PARTE MOTION AND GRANTING DEFENDANT LEAVE TO FILE AMENDED REPLY** <br><br> **[ECF No. 51]** |

Pending before the Court is Defendant's ex parte motion for relief under Civil Local Rule 7.1(f)(3)(c), or in the alternative, to strike Plaintiffs' notice of errata and newly filed evidence.  (ECF No. 51.)  Defendant filed a motion for summary judgment on October 7, 2022.  (ECF No. 45.)  Plaintiffs opposed on October 28, 2022, (ECF No. 46), and Defendant replied on November 11, 2022, (ECF No. 49).  Plaintiffs attached a request for judicial notice to their opposition, listing and describing 36 exhibits to be judicially noticed.  (ECF No. 46-13.)  Plaintiffs inadvertently failed to attach said exhibits and later filed them in a notice of errata on November 16, 2022, after Defendant replied.  (ECF No. 50.)  Defendant did not receive the exhibits from Plaintiffs until the night before their reply was due.  (*See* ECF No. 51, at 4.)

Defendant argues that Plaintiffs' failure to timely file the exhibits will result in prejudice because Defendant lacked an opportunity to meaningfully review and respond to the 568 additional pages of evidence.  (ECF No. 51, at 4.)  Defendant now asks the Court to grant their motion for summary judgment pursuant to Local Rule 7.1(f)(3)(c), which gives the Court discretion to construe a failure to properly file an opposition as consent to the granting of a motion.  (ECF No. 51, at 6); Civ. L.R. 7.1(f)(3)(c).

1

Alternatively, Defendant asks the Court to strike the additional exhibits. (ECF No. 51, at 6.) The Court declines to do either.

First, the Court finds it inappropriate to grant summary judgment based on Plaintiffs' mistake alone. In fact, doing so would be an abuse of discretion. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) ("Ninth Circuit precedent bars district courts from granting summary judgment simply because a party fails to file an opposition or violates a local rule."). Second, the Court finds striking 568 pages of Plaintiffs' exhibits that were previously referred to in their opposition, (*see* ECF No. 48), to be an unnecessarily drastic remedy. To alleviate the prejudice Defendant will suffer without an opportunity to meaningfully respond to the additional exhibits, Defendant is granted leave to file an amended reply. Defendant shall file an amended reply in compliance with this Court's previous order regarding page limitations (ECF No. 44) no later than **December 2, 2022**.

Dated: November 22, 2022

_____
Hon. M. James Lorenz
United States District Judge